**William Lee TUCKER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1968.

Grover C. Cox, Owensboro, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

William Lee Tucker appeals from a judgment sentencing him to a two-year term in the penitentiary pursuant to a verdict convicting him of breaking and entering a storehouse with intent to steal, KRS 433.190. His only claim of error is that the admission of a certain item of evidence was improper because the evidence was obtained by an illegal search.

A garage in McLean County was broken into in the middle of the night and several items were stolen. The sheriff was called to the scene and shortly after arriving he noticed a blue 1959 Chevrolet, with three men in it, driving away from the area at a high rate of speed. He drove off in search of that car and after a time came upon a blue 1959 Chevrolet, with three men in it, driving along the highway. When he neared it the car took off at high speed and after a chase of some duration he succeeded in forcing the car to a stop. He went up to the car and stated to the occupants (one of whom was the appellant) that they were under arrest. He then proceeded to search the car and found under the front seat a micrometer, which was introduced in evidence on the trial and was identified as having been stolen from the garage. The appellant objected to the admission of evidence concerning the micrometer on the ground that it had been obtained by an illegal search.

The appellant's argument rests squarely on the proposition that the appellant and his companions were arrested *for speeding*, and under Lane v. Commonwealth, Ky., 386 S.W.2d 743, 10 A.L.R.3d 308, the making of an arrest of the operator of a vehicle for "a traffic or other minor violation" does not authorize a general search of the vehicle. The trouble with this argument is that as we view the record the arrest was not for speeding, but for storehouse breaking.

It is true that upon cross-examination the sheriff was asked these questions and gave these answers:

"Q. 50 Now when you approached the car, did you tell these individuals that they were under arrest?

A. After I got up there, yes. I didn't tell them when I approached, no.

Q. 51 What did you tell them they were under arrest for, speeding?

A. No, I don't rightly recall what I told them."

While the sheriff's last answer is somewhat ambiguous, it could be interpreted from his use of the word, "No," as meaning that while he did not remember exactly what he told the men he did *not* tell them they were under arrest for speeding. No effort was made by either side to clarify or amplify this testimony of the sheriff, and when the defendant took the stand he was not asked about the formalities of the arrest.

An event did occur earlier in the trial, which we think has significance in respect to the arrest. In an examination of the sheriff in chambers, in regard to whether he had advised the defendant of his constitutional rights, the sheriff was asked whether on the night in question he "did arrest William Lee Tucker and charge him with breaking into the Boggess Chevrolet," and his answer was "That's right." It is reasonably clear from this that the arrest was on the breaking and entering charge. And with that in the record we are of the opinion that it was incumbent upon the defendant, if he claimed the arrest was for speeding, at least to thoroughly explore the matter rather than drop it after asking one question of the sheriff and receiving an ambiguous answer.

The testimony of the sheriff, taken as a whole, indicates with reasonable certainty that he looked for and pursued the blue Chevrolet car because he thought the occupants had broken into the garage, and his intent from the beginning was to apprehend them. He did not use a charge of speeding as a subterfuge for stopping and searching the car.

Under all of the circumstances of this case it is our opinion that Lane v. Commonwealth, Ky., 386 S.W.2d 743, 10 A.L.R. 3d 308, is not applicable. The appellant does not contend that the search was invalid otherwise than under Lane.

The judgment is affirmed.

All concur.